```
IN THE UNITED STATES DISTRICT COURT
  FOR THE DISTRICT OF SOUTH CAROLINA
```

| Gloria C. Williams, | ) | Civil Action No.: 8:18-2995-BHH |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew Saul, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Gloria C. Williams' ("Plaintiff") claim for widow's insurance benefits ("WIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, to which the Commissioner filed a response. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

## **BACKGROUND**

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* the Social Security Act, 42 USC § 405(g) (explaining action survives "notwithstanding any change in the person occupying the office of Commissioner of Social Security").

Plaintiff initially filed an application for WIB on April 18, 2012, based on her ceremonial marriage on July 31, 2010, to deceased wage earner Ira Williams ("the wage earner"). The application was denied because Plaintiff was not married to the wage earner for at least nine months before he died and because Plaintiff was not the natural or adoptive parent of his child.

Subsequently, on April 22, 2014, Plaintiff filed another application for WIB on the deceased wage earner's record, alleging a prior common law marriage. Her application was denied initially and upon reconsideration because no common law marriage was found to have existed prior to the couple's ceremonial marriage. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on April 19, 2017. On May 17, 2017, the ALJ issued a decision, finding that Plaintiff was not entitled to receive WIB based on the deceased wage earner's record. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on November 6, 2018.

## STANDARDS OF REVIEW

**I.      The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

In this action, Plaintiff asserts that the ALJ failed to apply the correct legal standard when deciding whether Plaintiff established a common law marriage between her and the wage earner prior to their ceremonial marriage in 2010. Plaintiff complains: "the ALJ's decision charges Plaintiff with the burden of proving that she and Mr. Williams entered into a common law marriage by a preponderance of the evidence, and wholly omitted reference to South Carolina's presumption of marriage in circumstances where a party submits

satisfactory proof that a couple cohabitated for an extended duration and had a general reputation as being husband and wife." (ECF No. 9 at 8.) Plaintiff alleges that substantial evidence does not support the ALJ's decision because the ALJ did not apply the appropriate legal standard when considering the evidence.

After considering the parties' arguments and outlining the ALJ's decision, the Magistrate Judge found Plaintiff's arguments unavailing. Specifically, the Magistrate Judge explained that the cases cited by Plaintiff do not stand for the proposition that cohabitation alone establishes the existence of a common law marriage.[2] As the Magistrate Judge noted, the law of South Carolina provides: "when the proponent [of a common law marriage] proves that the parties participated in 'apparently matrimonial' co-habitation, and that while cohabiting the parties had a reputation in the community as being married, a rebuttable presumption arises that a common law marriage was created." *Callen v. Callen*, 620 S.E.2d 59, 62 (S.C. 2005) (quoting *Jeanes v. Jeanes*, 177 S.E.2d 537, 539-40 (S.C. 1970)). However, as the Magistrate Judge explained, "[t]his presumption may be overcome by 'strong, cogent' evidence that the parties in fact never agreed to marry," *id.*, and the presumption "in no way lessens the claimant's burden of proving a common-law marriage by the preponderance of the evidence." *Barker v. Baker*, 499 S.E.2d 503, 507 (S.C. Ct. App. 1998).

Ultimately, the Magistrate Judge found that substantial evidence supports the ALJ's determination that strong evidence rebutted the presumption of common law marriage.

---

[2] As the Magistrate Judge noted, the Supreme Court of South Carolina abolished common law marriage as of April 2019. *Stone v. Thompson*, 833 S.E.2d 266, 270 (S.C. 2019). The court in *Stone* declined to apply its ruling retroactively. Because Plaintiff alleges a common law marriage occurring prior to April 2019, the decision in *Stone* has no impact on this case

4

The Magistrate Judge outlined the evidence cited by the ALJ: for example, the Magistrate Judge explained that the ALJ noted that Plaintiff and the deceased wage-earner never purchased a home jointly; never filed tax returns jointly; and did not own a joint bank account. The Magistrate Judge outlined additional evidence considered by the ALJ including the statements provided by Plaintiff and her witnesses, and noted that the ALJ identified the appropriate law when weighing the evidence. The Magistrate Judge then explained that, after considering the evidence, the ALJ found that it weighed against a finding that Plaintiff and the wage earner intended to hold themselves out as having a common law marriage and in favor of a finding that Plaintiff and the wage earner intended to hold themselves out as an engaged, committed couple who intended to get married. In addition, the Magistrate Judge noted that, in its denial of benefits, the Administration remarked that the wage earner did not indicate any marriage to Plaintiff when he filed an application for benefits in 1992.

In her objections to the Magistrate Judge's Report, Plaintiff first asserts that the Magistrate Judge incorrectly stated that her divorce to her prior husband was in 1992 when it was in 1987.[3] The Magistrate Judge's only reference to Plaintiff's divorce was on page 12 of the Report, where the Magistrate Judge quoted a portion of the ALJ's decision. In that portion of the ALJ's decision, the ALJ remarked that Plaintiff had offered inconsistent reports as to the termination of her prior marriage. Specifically, the ALJ remarked that Plaintiff reported in her current application that she divorced her former husband in 1987, but that Plaintiff had reported in her prior application that she divorced her former husband

---

[3] Plaintiff attached a copy of the final divorce order from 1987 as an exhibit to her objections. (ECF No. 16 at 2-4.)

5

in 1992. (*See* ECF No. 13 at 12 (quoting R. at 20, 21).) Here, the Magistrate Judge correctly indicated that Plaintiff alleged a divorce date of 1987 in her current application, and Plaintiff's objection does not alter the Court's analysis.

Next, Plaintiff objects that the Magistrate Judge failed to mention that her engagement to the wage earner "was broken in 1992, after getting back together that's when the common law started." (ECF No. 16 at 1.) Plaintiff also states:

> Mr. Williams or myself didn't know he was going to die 17 days after we finally got married legally after a long common law marriage.
>
> Mr. Williams['] children and I got along fine while I was doing everything until he wanted to get married to me legally, then things changed with some of them.

(*Id.*)

After review, the Court finds that these objections do not weigh in Plaintiff's favor. First, Plaintiff now offers 1992 as the year when her common law marriage started, but her complaint and her brief both allege 1990 as the year when her common law marriage started. Even leaving aside this inconsistency, Plaintiff's current statement that things with the wage earner's children changed when the wage earner "wanted to get married to me legally" indicates that Plaintiff and the wage earner did not consider themselves legally married prior to their ceremonial marriage. Regardless of these statements, however, the Court finds that Plaintiff's objections simply disagree with the applicable law and urge the Court to re-weigh the evidence, which is not this Court's role.

As a final objection, Plaintiff contends that the Court is faulting her for not owning a house jointly with the wage earner or sharing bank accounts with him. However, the Court notes, as the Magistrate Judge did, that this evidence is relevant to the question of whether

6

a common law marriage existed under South Carolina law; thus, the ALJ appropriately considered this evidence, along with other evidence, in finding that the presumption of a common law marriage was rebutted in this case. The Court finds this objection without merit.

In all, the Court finds that the Magistrate Judge accurately summarized the facts and applied the correct principles of law, and the Court finds that Plaintiff's objections do not point to any errors in the Magistrate Judge's analysis. Because the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's finding that the evidence failed to show that a common law marriage existed between Plaintiff and the wage earner prior to their ceremonial marriage, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 13) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 16) are overruled; and the Commissioner's final decision is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 19, 2020
Charleston, South Carolina